UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **FRANK NUZZO** | * | CIVIL ACTION |
| | * | |
| **VERSUS** | * | NUMBER: |
| | * | |
| **GENUINE PARTS COMPANY, NAPA** | * | |
| **AUTO PARTS, GEICO CASUALTY** | * | JUDGE |
| **COMPANY, ABC INSURANCE** | * | |
| **COMPANYM, XYZ INSURANCE CO.** | * | MAGISTRATE |
| **COMPANY** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

Genuine Parts Company files this Notice of Removal of this cause from the Civil District Court for the Parish of Orleans, State of Louisiana, in which it is now pending, to the United States District Court for the Eastern District of Louisiana.  This removal is predicated upon the fact that there is diversity of citizenship between the parties in this litigation and the amount in controversy exceeds the federal jurisdictional amount, exclusive of interest and costs.

1.  This case was commenced in the Civil District Court for the Parish of Orleans, State of Louisiana, with citation and plaintiff's Petition for Damages and First Amended Petition for Damages setting forth the claim for relief upon which this action is based.  Pursuant to 28 U.S.C. 1446(a), copies of all process, pleadings and all orders of the court in the state action are attached hereto.  Exhibit "1" *in globo*.

2.  This action is one of a civil nature for alleged personal injury.

3. Upon information and belief, plaintiff is a citizen of the State of Louisiana as alleged in the petition.

4. Genuine Parts Company is a foreign corporation with its principal place of business at 2999 Circle 75 Parkway, Atlanta, Georgia and is incorporated in the State of Georgia. Exhibit "2". Old Republic Insurance Company is a foreign insurance company domiciled in Greensburg, Pennsylvania. Exhibit "2-A". Old Republic Insurance Company is a nominal defendant and has been fraudulently joined. Old Republic Insurance Company consents to the removal but they have not been served.

5. The above described action is one over which this court has original jurisdiction under the provisions of 28 U.S.C. 1332, in that plaintiff's counsel has pled in the prayer of plaintiff's Petition for Damages that damages exceed $50,000 by plaintiff praying for trial by jury. Additionally, plaintiff has pled in **Paragraph 6** of plaintiff's Petition for Damages the following:

> As a result of the accident, caused by the negligence and fault of defendants, plaintiff suffered significant and **serious** bodily injury, including but not limited to injuries to his hips, back and shoulder. Damages sustained by plaintiff include, but are not limited to, the following:
>
> A. Past, present and future pain and suffering;
>
> B. Past, present and future physical injuries and **disability**;
>
> C. Past, present and future mental and emotional distress;
>
> D. Past, present and future mental and emotional stress;
>
> E. **Loss of income** and/or loss of **earning capacity**;
>
> F. Loss of enjoyment of life and/or loss of consortium;

    G. Other damages to be proven at the trial of this matter.

Therefore the claims need to exceed the requisite amount of the federal jurisdiction. The disability, loss of income and loss of earning capacity claims indicate damages in excess of $75,000. Therefore, pursuant to the provisions of 28 USC 1441 this case can be removed to the United States District Court for the Eastern District of Louisiana.

Plaintiff's counsel has indicated to undersigned counsel that Dr. Stewart, an orthopedic surgeon, has been treating the plaintiff, but the plaintiff will now be treated by orthopedic surgeon, Dr. James Butler, or neurosurgeon, Dr. Dietz.  Plaintiff's counsel indicated that the plaintiff is still treating and the plaintiff has the need for an MRI since the plaintiff has numbness in his arm and fingers.

The employer has filed for reimbursement of workers' compensation benefits and medical expenses totaling $19,256.30.

  6. Article 893, Louisiana Code of Civil Procedure, requires that plaintiff indicate in the petition, that the amount in controversy does not exceed $75,000.00.  ***Ditcharo v. United Parcel Service, Inc.***, 376 Fed. App. 432 (5th Cir. (La) 2010), states:

> Appellants further argue that the amount in controversy requirement was not satisfied because Appellants specifically limited their damages to less than $75,000 in their pleadings. "[I]f a defendant in a Louisiana suit can produce evidence sufficient to constitute a preponderance showing that, regardless of the style or wording of the demand, the amount in controversy actually exceeds § 1332's jurisdictional threshold, ... [t]he plaintiff can defeat diversity jurisdiction only by showing to a 'legal certainty' that the amount controversy does not exceed $75,000." [FN5] *Grant, 309 F.3d at 869* (citing *De Aguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir.1995)* (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845 (1938)*)). Plaintiffs may attempt to establish such "legal certainty" by

submitting a " 'binding stipulation or affidavit' " with their complaint, stating that they affirmatively seek less than the jurisdictional threshold, and further stating that they will not accept an award that exceeds that threshold. *See De Aguilar,* 47 F.3d at 1412 (quoting *In re Shell Oil Co.,* 970 F.2d 355, 356 (7th Cir.1992) (per curiam)).

Plaintiff did not so indicate, but did indicate that the amount in controversy exceeded the $50,000 requirement for a trial by jury by requesting trial by jury.

7. Article 893, Louisiana Code of Civil Procedure states in pertinent part the following:

> "No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand. The prayer for relief shall be for such damages as are reasonable in the premises **except that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages,** or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required. By interrogatory, an opposing party may seek specification of the amount sought as damages, and the response may thereafter be supplemented as appropriate."

Plaintiff did not indicate the lack of federal jurisdiction in the petition but has provided the basis for the amount in controversy to satisfy the jurisdictional requirement herein.

8. Medical records were requested by defendant counsel and plaintiff counsel responded on March 13, 2013 by indicating medical records will be forwarded upon receipt.

9. GEICO Insurance Company has been sued as the uninsured/underinsured motorist and GEICO should be disregarded for removal purposes since NAPA has at minimum a $5,000,000 self-insured retention.

GEICO Insurance Company is a nominal defendant and has been fraudulently joined. NAPA Auto Parts has a $5,000,000 self-insured retention as indicated by the attached certificate.

Exhibit "3". GEICO Insurance Company has been sued as the uninsured/underinsured motorist carrier and Paragraph 10 should be disregarded for removal purposes. Defendant pleads fraudulent joinder as to GEICO and that GEICO is a nominal defendant. Since NAPA has a self-insured retention of $5,000,000 there is no reason for GEICO to be a party to this litigation. **Attached please find an affidavit from associate counsel Christopher T. Galla, Esq.** Exhibit "4". Genuine Parts Company pleads that NAPA is a nominal defendant and has been fraudulently joined since there is no legal entity that plaintiff lists as "NAPA Auto Parts."

Respectfully submitted,

**UNGARINO & ECKERT LLC**

_____

**MATTHEW J. UNGARINO (#15061)**
**WAYNE R. MALDONADO (#19076)**
**3850 N. Causeway Blvd., Ste. 1280**
**Metairie, LA 70002**
**Telephone:   (504) 836-7565/(504) 836-7554**
**Fax:            (504) 836-7566**
mungarino@ungarino-eckert.com
wmaldonado@ungarino-eckert.com

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing pleading upon all counsel of record, either by
- **x   electronic delivery**,
- ☐   facsimile, or by
- ☐   United States mail, properly addressed and first class postage prepaid on the 20th day of March, 2013.

_____
MATTHEW J. UNGARINO

4